Earl PARTLOW, Appellant,

v.

Albert GOLDSTEIN, Appellee.

No. 16049.

United States Court of Appeals Eighth Circuit.

Jan. 29, 1959.

Rene J. Lusser, St. Louis, Mo. (Lusser, Morris & Burns, St. Louis, Mo., Paul F. Niedner, St. Charles, Mo., and Gerard M. Dorsey, St. Louis, Mo., on the brief), for appellant.

John F. Evans, St. Louis, Mo. (Evans & Dixon, St. Louis, Mo., on the brief), for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

Earl Partlow commenced this action in state court in Missouri to recover damages for personal injuries sustained in an automobile accident which occurred while he was riding as a passenger in a motor vehicle driven by the defendant on a highway in Missouri. Removal to federal court was based upon diversity of citizenship and amount involved.

Trial resulted in a jury verdict in favor of the defendant. Plaintiff appeals.

As in all of these accident cases, there is a mass of conflicting and contradictory testimony. In reviewing the case on appeal, we must take that view of the evidence and accept the presumptions which may be reasonably grounded thereon as will tend to support the jury verdict. Thieman v. Johnson, 8 Cir., 1958, 257 F.2d 129; Johnson v. State Farm Mutual Automobile Insurance Co., 8 Cir., 1958, 252 F.2d 158.

The accident occurred on June 8, 1955, upon U. S. Highway No. 40 about one and one-tenth miles east of Warrenton, Missouri. At this point Highway 40 is divided with two 12-foot concrete lanes for westbound traffic and parallel to but separated by a 72-foot grass strip are two similar lanes for eastbound traffic. At or near the point involved there exists a "cross-over" or short north-south roadway which connects the westbound lanes to the eastbound lanes. Late in the afternoon or early evening of the day of the accident Albert Goldstein, the defendant, was driving his 1955 Chevrolet convertible automobile in an easterly direction in the eastbound lanes and at a rate of speed

of approximately 60 to 65 miles per hour. The plaintiff, Earl Partlow, was riding as a guest passenger in the Goldstein car. He was asleep when the accident occurred and remembers nothing from the time he fell asleep until he awakened later in a hospital. William Karrenbrock, a farmer, who lives southeast of Warrenton, had been driving his 1946 Chevrolet pick-up truck in a westerly direction in the westbound traffic lanes upon Highway 40 and made a left turn upon the crossover in order to get to the eastbound lanes of the highway, which would take him to his home. Karrenbrock says that before entering the eastbound lanes he brought his truck to a stop and looked. He waited for some eastbound cars to pass him, looked again to his right and saw "other cars coming eastwardly about a third to a half a mile to the west of the cross-over". He then proceeded onto the highway and to cross over into the right-hand lane of the two eastbound lanes, making a left turn off the cross-over. When he was some distance east of the east edge of the cross-over, going at about 10 miles per hour, his truck was struck at the left rear and forced off the highway on the south side thereof. The defendant testified that he first noticed the Karrenbrock truck at a distance of about 125 feet from him, that it was "cutting across"; that he "swerved to avoid the truck" and that "the left rear corner of the truck struck the right side of my car". He testified that he "applied the brakes immediately and swerved to the left to avoid hitting him". The evidence indicates that the cross-over used by Karrenbrock could be seen from the west upon the eastbound lanes at a distance of approximately 1100 feet.

■■ Plaintiff's first contention here is that the trial court erred in failing to give his requested instruction No. 2 that the defendant was " * * * required to keep and maintain a *constant*, careful and vigilant watch and lookout ahead and laterally ahead * * *," and instead instructed the jury that the defendant was " * * * required to keep and maintain a careful and vigilant watch

and lookout ahead and laterally ahead * * *." In other words, the objection goes to the failure to use the word "constant". We do not find that the omission of the word "constant" from the requested instruction to be material or to amount to a misstatement of the law or to have misguided the jury in any respect. Trial courts have always been free to use their own language in instructing a jury and may not be forced to adopt that of a requested instruction. If the jury is sufficiently charged as to the applicable law, that will suffice. Wright v. United States, 8 Cir., 1949, 175 F.2d 384, certiorari denied 338 U.S. 873, 70 S.Ct. 143, 94 L.Ed. 535; Frisina v. United States, 8 Cir., 1931, 49 F.2d 733; Luther v. Maple, 8 Cir., 1958, 250 F.2d 916. There was here no substantial difference between instructing the jury that it was the defendant's duty to keep and maintain a careful and vigilant watch and lookout ahead and laterally ahead and an instruction that the defendant was required "to keep and maintain a *constant*, careful and vigilant lookout ahead and laterally ahead * * *." What plaintiff seems to be trying to require is, from a practical standpoint, utterly impossible, as pointed out by the Supreme Court of Missouri in Hopkins v. Highland Dairy Farms Co., 1941, 348 Mo. 1158, 159 S.W.2d 254, 256:

"It would be physically impossible for the driver of a vehicle to look to the right, to the left and straight ahead all at the same time."

We find no error in the instruction.

■ Plaintiff also argues that there was no room for a "sole cause instruction" under the evidence in this case. The court instructed:

"You are instructed if you find and believe from the evidence that the defendant, Mr. Goldstein, was not negligent in the manner and particulars submitted to you in these instructions * * * and if you further find that as his automobile approached the point in the Highway where the collision occurred, William F. Karrenbrock was operat-

ing an automobile truck upon and across said Highway and if you find that Mr. Karrenbrock suddenly and without warning operated his automobile truck onto the westbound (sic) (eastbound) lanes of the Highway and in close and dangerous proximity to the defendant's approaching automobile, and so as to obstruct the pathway of said automobile, and if you further find that in so doing Mr. Karrenbrock failed to exercise the highest degree of care, and that such failure, if any, was the sole cause of the collision, then you are instructed that plaintiff is not entitled to recover in this case and your verdict should be for the defendant."

Plaintiff argues that there is no evidence to sustain a finding that Mr. Karrenbrock suddenly operated his automobile-truck onto the eastbound lanes of the highway. By mathematical formula, plaintiff's counsel attempts to demonstrate " * * * that the defendant cannot expend 7½ seconds and travel 750 feet without seeing whatever he ought to have seen and thereafter claim that because he did not see the Karrenbrock vehicle until he was 125 feet from it, the Karrenbrock vehicle was suddenly operated onto the westbound (sic) (eastbound) lanes". Defendant's counsel, by the use of similar mathematical formula, attempts to establish a contrary theory based on evidence in plaintiff's behalf which, if believed, would show that the defendant's car was traveling at not less than 180 miles per hour and possibly as much as 300 miles per hour and that, "It must be concluded that this exaggerated theory of plaintiff's case is based upon evidence so manifestly untrue and unbelievable, and so opposed to recognized physical facts as to be wholly lacking in probative value."

These mathematical formulae arguments based on disputed or questioned or questionable testimony address themselves to the finders of the facts. They have little place here. Plaintiff is merely attempting to retry his case in an appellate court and defendant is using similar tactics to demonstrate the correctness of the jury verdict. Viewing the evidence here as a whole and considering the right of the jury to find the facts on disputed testimony and judge of the weight of the evidence and the credibility of the witnesses, we think there was no error in giving the instruction and that it was a correct charge. The case was tried before a Missouri Federal Judge of many years' experience and of demonstrated ability in charging juries as to the law of the State of Missouri. Even if it could be said that there was presented a disputed question of Missouri law, we would accept a local trial judge's version thereof unless it could be established that it was clearly erroneous. King v. Monsanto Chemical Co., 8 Cir., 1958, 256 F.2d 812; United States v. R. D. Willmans & Sons, Inc., 8 Cir., 1958, 251 F.2d 509.

Plaintiff also raises other minor points with reference to the court's instructions. We have examined the entire charge in detail and find no prejudicial error whatsoever in the manner in which the case was submitted. See Rule 61, F.R.Civ.P. 28 U.S.C.A., and 28 U.S.C.A. § 2111.

■ We are in entire accord with and quote approvingly what the Supreme Court of Missouri said in the very recent case of Witt v. Peterson, 1958, 310 S.W.2d 857, 861:

"The rule is that no appellate court shall reverse any judgment unless it believes that error was committed by the trial court against appellant, and materially affected the merits of the action. § 512.160, V.A.M.S. While at least by hindsight, and with the aid of the losing party's minute examination thereof, it is seldom that an instruction cannot be improved, we are unable to agree with plaintiff's contention that the giving of the instant instruction under the particular facts of this case was reversible error."

■ Plaintiff lastly contends that the verdict of the jury was against the weight of the evidence. We see no point in burdening this opinion with greater detail of evidence than that already given. Instead of being complex, the issues were exceedingly simple. Plaintiff, a hitchhiker, was riding as a passenger in the defendant's car, which was being driven east on divided U. S. Highway No. 40. Karrenbrock, who had been going west, desired to cross over into the eastbound lane. After getting into the crossover between the two lanes, he stopped and looked. He gave the right-of-way to certain eastbound cars. Obviously, he did not yield the right-of-way to defendant's car. A collision resulted and plaintiff, innocently asleep in defendant's automobile, received injuries. The jury may have concluded under the circumstances and the evidence that Karrenbrock's negligence was the sole cause of the accident. Even if we were of the opinion that plaintiff should have prevailed in his suit against the defendant, which we are not, we nevertheless could not reverse because the record contains substantial evidence justifying the jury verdict in favor of defendant.

■ Additionally, we wish to point out this: The evidence indicated and the jury was apprised of the fact that plaintiff had already settled his claim against Karrenbrock and received the sum of $3,550.00 for his injuries prior to the time he brought suit against this defendant. Such payment was pleaded in bar of this suit on the theory that it constituted a complete satisfaction and payment for plaintiff's damages. The court instructed, and very properly so:

> "You are instructed that it is admitted in this case that the plaintiff, Earl Partlow has heretofore received from the M. F. A. Mutual Insurance Company, on behalf of William Karrenbrock, the sum of Three Thousand Five Hundred Fifty and no/100 Dollars. If you find and believe that such sum has fairly and reasonably compensated him for his damages, then he is entitled to noth-

ing in this suit, and your verdict herein must be in favor of the defendant."

It may well be that the jury, instead of finding that the defendant was free from negligence that proximately contributed to cause the accident and injuries, found that plaintiff's damages had been fully paid for in the settlement with Karrenbrock and that he was therefore entitled to nothing more. In that view, the claim that the jury verdict was against the weight of the evidence is wholly immaterial.

Finding no error, the judgment is affirmed.