TRI-ANGLE CLUB, INC. and Leo C. Prochello, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16111.

United States Court of Appeals Eighth Circuit.

April 21, 1959.

---

**830**

T. H. Wangensteen, Minneapolis, Minn. (Frank J. Margolin, Sioux City Iowa, on the brief), for appellants.

F. E. Van Alstine, U. S. Atty., Sioux City, Iowa (Theodore G. Gilinsky, Attorney, Department of Justice, Sioux City, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

Appellants were charged in an indictment of five counts with a violation of Sec. 5643, Title 26 U.S.Code. Count One reads as follows:

"That Tri-Angle Club, Inc., and Leo C. Prochello, on or about September 13, 1956, in Sioux City, Woodbury County, in the Western Division of the Northern District of Iowa, in violation of Section 5643, Title 26, United States Code, did unlawfully re-use one 4/5 quart bottle labeled 'Old Mr. Boston', 'Rocking Chair Blended Whiskey,' '4271 Conway,' and strip number '10013384,' for the purpose of containing distilled spirits, to-wit, whiskey, which bottle had once been filled and stamped under the provisions of Section 5008(b), Title 26, United States Code, without removing and destroying the stamp so previously affixed to said bottle."

Each of the other four counts is identical with Count One except for the description of the bottle in each count. To this indictment the defendants entered pleas of not guilty. In the course of this opinion we shall refer to appellants as defendants. Defendant Tri-Angle Club, Inc. is a corporation which operates a restaurant and bar under the management of defendant Leo C. Prochello. It serves food, beer, mix, whiskey, and mixed drinks. It also maintains a three-piece band for entertainment of its guests. Some of the whiskey dispensed by the club is brought to the club by members and some of the whiskey is purchased by the club for resale at the bar. On the 13th of September, 1956, two special investigators of the U. S. Treasury Department conducted an inspection of the bar and liquor records of the club and found them in apparent good order. They checked all the bottles of liquor in the place, in all 40 or 50 bottles. They picked out so-called suspect bottles which had scuffed or worn labels. Then they made a cursory examination by holding some of the bottles up to the light, checking color, and they made some tests of alcohol proof content, apparent proof. At the conclusion of their visit and tests, they took seven bottles with them, five of which bottles had been opened, and two control bottles, one of Cabin Still and one of Seagram's 7-Crown. Each of the bottles taken and each of the bottles examined at the Tri-Angle Club by the government agents had the strip stamps on them and also had the Iowa tax stamps. The five open bottles are the bottles referred to in the record as Exhibits 1 to 5 inclusive, and are the bottles referred to in the several counts of the indictment. These five bottles and the two sealed control bottles were sent to the Regional Laboratory for the Alcohol and Tobacco Tax Unit at St. Paul, Minnesota, for analysis. The evidence will be further developed in the course of this opinion.

At the close of all of the evidence defendants interposed a motion for judgment of acquittal which was denied, and the case was submitted to the jury on instructions to which defendants saved certain exceptions. The jury found defendants not guilty on Counts Two, Three, Four, and Five, and found them guilty on Count One. On the verdict so returned the Court entered judgment and sentence, whereupon the defendants moved for judgment notwithstanding the verdict or for a new trial, which motion the Court overruled, and this appeal followed.

Defendants seek reversal on the grounds, among others, that the evidence was insufficient to sustain a conviction. In support of this contention it is argued, (1) that there is no substantial evidence to prove beyond a reasonable doubt that the liquor bottles in question had in fact been reused or refilled with intoxicating liquor without removing and destroying the stamps affixed thereon, and, (2) that if the bottles were so reused and refilled as alleged in the indictment, there is no substantial evidence to prove beyond a reasonable doubt that the defendants or either of them reused or refilled the bottles as so charged.

As has been observed, two government agents made a cursory examination of the five bottles described in the five counts of the indictment as compared with the control bottles. These witnesses were of the opinion that there was a slight difference in the coloring. The chemist to whom the bottles were sent testified that the slight difference in color might be attributable to the fact that the bottles were open and the contents more or less exposed, and he also testified that there was a slight variance in color even between the contents of the sealed bottles and he attributed no particular significance to the variation in color. The chemist who analyzed the contents of the bottles and compared their contents with the contents of the control bottles gave as his opinion that there was a slight difference and that in his opinion some liquor had been placed in the bottles differing from that which they originally contained.

The testimony of an expert witness must be tested by the facts upon which he bases his opinion. There was no evidence as to the condition of these bottles when they were delivered to the club. In other words, the character of their contents might, so far as it appears from the testimony, have been the same when received by the club as at the time of the analysis by the chemist. The chemist testified that he could not say what brand of whiskey was in the bottles described in the indictment, nor could he tell what had been added to any of those bottles. Neither could any of the other witnesses produced by the Government tell what brand of whiskey was contained in these bottles nor what had been added to them. The chemist testified that there is no precise conformity of one bottle of labeled whiskey with another bearing the same brand and label. As to the several tests applied by him, namely alcohol proof content, solids, acids, and color, there was a substantial variance, according to the chemist's testimony, even on new and unopened control bottles of the same brand and label, and the variance in alcohol proof content, solids, acids, and color between the contents of the bottles described in the indictment and the control bottles was not materially different from that which might be found between liquors confessedly of the same brand. The variance here between the tests applied to the contents of the open bottles and that of the control bottles was slight and might be found between tests of liquors of the same brand. With reference to the bottle described in the first count of the indictment the chemist testified that the proof content of that bottle was closer to the proof shown on the label than were any of the eight or ten control bottles which he tested. Can it be said that this was substantial evidence proving beyond a reasonable doubt that the contents of these bottles was other than what the bottles had originally contained when received by the defendants? Viewing the evidence in a light most favorable to the Government, we are convinced that it

was not. In Salinger v. United States, 8 Cir., 23 F.2d 48, 52, the late Judge Walter H. Sanborn, speaking for this Court, said:

"Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial judge to instruct the jury to return a verdict for the accused, and, where all the evidence is as consistent with innocence as with guilt, it is the duty of this court to reverse a judgment against the accused."

See also, Union Pacific Coal Co. v. United States, 8 Cir., 173 F. 737. It is urged that although the indictment contains five counts, they describe precisely the same offense differing only as to the bottle of liquor involved, and that the evidence on behalf of the Government was precisely the same as to all counts of the indictment, yet the jury acquitted the defendants on Counts Two, Three, Four, and Five, but each count states a separate offense and inconsistency in the verdicts is not fatal. Anderson v. United States, 8 Cir., 262 F.2d 764; Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356.

It is next contended by defendants that there is no substantial evidence to prove beyond a reasonable doubt that they or either of them did reuse the bottles for the purpose of containing distilled spirits. The Government itself placed upon the witness stand a witness who had been employed by the club as bartender. He testified that when the stamped and sealed bottles of liquor had been emptied of their original contents the bottles were broken. That was the established custom and that was his instruction from Mr. Prochello. The defendant Prochello testified that all bottles when emptied of their original contents were broken and that was his instruction to his employees. This evidence stands without dispute. Prochello testified that he had never refilled any bottles with liquor and that he had never procured this to be done by anyone else, but had instructed all employees having to do

with liquor bottles that the bottles should not be refilled with any liquid other than that contained when the bottles were received but that the bottles when empty should be broken. This evidence stands without dispute and there is no direct evidence that the defendants ever refilled these whiskey bottles. It is apparently the position of the Government that it has proved the guilt of the defendants by circumstantial evidence. The defendants were presumed to be innocent and it was incumbent upon the Government to prove their guilt beyond a reasonable doubt. It appears from the evidence that various individuals in addition to the defendants had keys to the club and had access to the liquor bottles. In fact, defendant Prochello was absent from the club a very considerable portion of each day. Among others who had access to the club was the waitress who had a key and customarily opened the club at noon. There was a porter who even before the club was open for business entered the club and had access to all the liquor bottles. He was referred to as the clean-up man. In addition to these there were bartenders, cooks, waitresses and musicians, all of whom had access to the bottles of liquor in the club. So far as the direct evidence is concerned, there is as much evidence against the porter, who had a key, and the waitress, who had a key, as there is against the defendants. Where the evidence for conviction is circumstantial, all the circumstances proved must be consistent with each other, consistent with the hypothesis that accused is guilty, and inconsistent with every reasonable hypothesis except that of guilt. Salinger v. United States, supra; Langer v. United States, 8 Cir., 76 F.2d 817; Johnson v. United States, 8 Cir., 195 F.2d 673; Pevely Dairy Co. v. United States, 8 Cir., 178 F.2d 363. In Duff v. United States, 4 Cir., 185 F. 101, 102, the court considered the question of the sufficiency of the evidence in a case strikingly similar to the case at bar and what is said by the court seems peculiarly apposite here. In the course of the opinion it is said:

"There was no evidence to show who, in point of fact, had refilled the bottle in question. * * * In a criminal cause, where the evidence for the government, if assumed to be true in fact, together with all reasonable inferences from it, is not legally sufficient to support a verdict of guilty, it is the duty of the trial court, upon being moved thereto, to direct a verdict of not guilty. (Citing cases.) In the record in this case we find no evidence that the bottle in question was refilled by the defendant, or by his procurement, or by any one acting for him. The learned court below was therefore in error in refusing the instruction asked for."

In the instant case there was certainly no evidence that the bottle described in Count One of the indictment was refilled by defendants or either of them, or by their procurement, or by anyone acting for them. We have examined the record in this case with great care and are convinced that the evidence viewed in a light most favorable to the Government is not sufficient to constitute substantial evidence of guilt beyond a reasonable doubt, and hence it was error for the court to deny defendant's motion for acquittal interposed at the close of all the evidence. Counsel for defendants have persuasively argued other alleged errors of the court but in view of our conclusion that the evidence is insufficient to sustain the verdict, we pretermit consideration of other grounds urged for reversal.

The judgment appealed from is therefore reversed and the cause remanded to the trial court with directions to enter a judgment of acquittal under Rule 29 (a) of the Federal Rules of Criminal Procedure, 18 U.S.C.