James BORN, Appellant,

v.

Al OSENDORF and Robert J. Osendorf, Appellees.

No. 17433.

United States Court of Appeals
Eighth Circuit.

April 3, 1964.

Rehearing Denied April 28, 1964.

Richard H. Battey, Redfield, S. D., Raymond A. Gallagher, Redfield, S. D., and L. E. Greenwood and Hilbert Swanson, Dickinson, N. D., for appellant.

Theodore Kellogg, of Mackoff, Kellogg, Muggli & Kirby, Dickinson, N. D., for appellees.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

MATTHES, Circuit Judge.

James Born, appellant, plaintiff below and so designated here, sustained injuries in a collision between his tractor-trailer and appellees-defendants' farm truck, for which a jury awarded plaintiff $16,000. However, the trial court sustained defendants' motion n. o. v. and entered judgment dismissing plaintiff's cause of action.[1] Plaintiff has appealed.

█ This being a diversity case, the substantive law of the state where the collision occurred, North Dakota, is controlling.

In granting judgment n. o. v., the court expressed the opinion that "Plaintiff's evidence was insufficient as a matter of law to sustain any judgment in his favor," but the court failed to specify whether its order was predicated upon an absence of negligence on the part of defendants or because it regarded the evidence as conclusively establishing contributory negligence on the part of plaintiff.[2] This omission poses no problem for us because defendants recognize, as indeed they should in light of the record, that there was evidence from which the jury could properly find that defendants were negligent. Thus posited, the narrow question is whether plaintiff was guilty of contributory negligence *as a matter of law* and whether such negligence was the proximate cause of the collision.[3]

At the outset, we take note of the following general principles applicable to this controversy.

---

1. Defendants had previously challenged the sufficiency of the evidence by motion for directed verdict filed at the close of the whole case.

2. However, our examination of the briefs filed below on defendants' motion for judgment n. o. v. reveals that the controverted issue was plaintiff's alleged contributory negligence.

3. The issue whether plaintiff was guilty of contributory negligence and whether such negligence contributed proximately to the collision was submitted properly to the jury, and, of course, by its verdict was resolved in plaintiff's favor.

■ First, in testing the sufficiency of the evidence to take the case to the jury, the evidence must be viewed in the light most favorable to plaintiff, giving plaintiff the benefit of every inference which is favorable to him and which may be fairly drawn. And it is not for the court to weigh conflicting evidence or to judge the credibility of witnesses. Greene v. Werven, 8 Cir., 275 F.2d 134 (1960); Dahl v. North American Creameries, N. D., 61 N.W.2d 916 (1953); Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816 (1946).

■ Second, the questions of negligence, contributory negligence and proximate cause ordinarily present issues of fact for the jury, and it is only where the evidence is such that reasonable men can draw but one conclusion therefrom that they become questions of law for the court. Mondy v. Gjesdal, N.D., 123 N.W.2d 33 (1963); Gravseth v. Farmers Union Oil Company of Minot, N.D., 108 N.W.2d 785 (1961); Knoepfle v. Suko, N.D., 108 N.W.2d 456 (1961); Anderson v. Schreiner, N.D., 94 N.W.2d 294 (1958).

■ Third, no hard and fast rule can be promulgated for the purpose of determining whether a motorist is guilty of contributory negligence in failing to stop, swerve or take other action in order to avoid a collision. Each case must be adjudicated upon its own facts and circumstances. Mondy v. Gjesdal, supra, 123 N.W.2d at 36, and cases there cited; Wolf v. Northern Tank Lines, Inc., N.D., 113 N.W.2d 675, 678 (1962).

Viewing the evidence in the light most favorable to plaintiff, the following facts are brought to the forefront.

On the morning of June 20, 1959, plaintiff was driving a tractor-trailer on U. S. Highway 12 (a two-lane highway) in an easterly direction approximately 1½ miles west of Rhame, North Dakota, when he observed defendants' farm truck through his rear view mirror. The weather was clear and sunny.

After traveling a short distance further on U. S. 12, plaintiff was overtaken by the farm truck driven by defendant Robert J. Osendorf (Robert), a minor and the agent-employee of his father, defendant Al Osendorf. Defendants' vehicle traveled over a hill, disappeared out of sight, and was not again observed by plaintiff until plaintiff was approximately 900 feet west of defendants' vehicle. At that time plaintiff noticed that Robert had pulled to the right (south) of the highway and had stopped his vehicle at a point approximately 10–25 feet west of the intersection of U. S. 12 and an unpaved county road running north and south and leading north to the town of Rhame. About one-half of defendants' vehicle was in the south lane of the highway and the other half was on the shoulder.

Plaintiff approached defendants' vehicle at a speed which reached a maximum of 43 miles per hour, crossed a no-passing line into the north lane of traffic, sounded his horn, and attempted to pass defendants' stopped vehicle. When plaintiff was about to enter the intersection and pass defendants' vehicle, Robert turned suddenly and without signal to the left, and at a speed of approximately 5 to 10 miles per hour, moved into the path of plaintiff's truck. Robert did not look to the rear to observe the traffic before commencing his turn. Plaintiff testified that the collision took place in the north lane of traffic *near the center of U. S. Highway 12*, just west of the intersection of the county road. At that point, U. S. 12 is 29 feet wide. Plaintiff further testified that he could stop his truck in a little more than 100 feet.

Defendants' vehicle came to rest headed north in a ditch in the northeast corner of the intersection. Plaintiff's truck came to a stop in the center of the intersection. Plaintiff's truck was damaged in the front and right front, and defendants' vehicle was damaged near the center of the left side. Plaintiff suffered serious personal injuries.

In contrast, Robert testified that he had not stopped at the intersection, but had approached it at a speed of approximately 25 m. p. h. and was traveling be-

tween 10 and 15 m. p. h. when he entered it. He further stated that he had his left turn signal lever on, and that as he attempted to make a left turn on the county road leading to Rhame, plaintiff's truck struck his vehicle at a point *north of U. S. 12*, in the unpaved county road portion of the intersection.

On appeal, defendants assert that application of the rule that evidence must be viewed in the light most favorable to support the jury verdict does not render incredible evidence credible; that plaintiff's testimony as to the point of impact is incredible in view of the total absence of debris or skid marks on U. S. 12 and the presence of such evidence on the county road portion of the intersection to the north; and that plaintiff's explanation of these physical facts to the effect that defendants' vehicle may have been partially carried on the right front of plaintiff's truck is wholly untenable in view of the physical damage to the two trucks.

We are cognizant of the general rule that a verdict cannot be based on evidence which cannot possibly be true, is inherently unbelievable, or is opposed to natural laws. 32 C.J.S. Evidence § 1042, pp. 1125–1126; 20 Am.Jur., Evidence § 1183, pp. 1033–1034. Where undisputed physical facts are entirely inconsistent with and opposed to testimony necessary to make a case for the plaintiff, the physical facts must control. No jury can be allowed to return a verdict based upon oral testimony which is flatly opposed to physical facts, the existence of which is incontrovertibly established. Stolte v. Larkin, 8 Cir., 110 F.2d 226, 229 (1940).

However, so frequently do unlooked-for results attend the meeting of interacting forces that courts should not indulge in arbitrary deductions from physical law and fact except where they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other deductions. 20 Am.Jur., Evidence § 1183, p. 1034. Thus, in Knoepfle v. Suko, supra, 108 N.W.2d 456, the Supreme Court of North Dakota, in response to defendant's assertion that the physical facts—including the location of debris, the absence of skid marks, and the points of damage to the vehicle—demonstrated conclusively that plaintiff's testimony as to where the collision took place could not be true, stated:

"* * * we cannot say that they [marks on the pavement, etc.] establish any facts with sufficient certainty to invalidate the jury's finding as to the credibility of [plaintiff]. * * * It is for the jury and not the appellate court to determine the credibility of witnesses." 108 N.W.2d at 460.

Here, while the physical facts may conform more reasonably with defendants' theory as to how the accident occurred, the test is not whether we, or the trial judge, might have been convinced that defendants' theory was actually true, but whether the physical facts make plaintiff's theory so physically impossible that a verdict for plaintiff could not be sustained. In our view, the physical facts are not so clear and irrefutable so as to render plaintiff's testimony incredible and to allow no room for reasonable minds to entertain any other deduction than that set forth here by defendants. See Partlow v. Goldstein, 8 Cir., 263 F.2d 169, 172 (1959); Stolte v. Larkin, supra, 110 F.2d at 229; Falstaff Brewing Corporation v. Thompson, 8 Cir., 101 F.2d 301 (1939), cert. denied, 307 U.S. 631, 59 S.Ct. 834, 83 L.Ed. 1514 (1939); Hobart v. O'Brien, 1 Cir., 243 F.2d 735, 741 (1957), cert. denied, 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42 (1957); Stygles v. Ellis, S.D., 123 N.W.2d 348, 352 (1963).

Thus viewing plaintiff's testimony as worthy of belief—within the province of the jury, we turn to the crux of defendants' argument in support of the judgment n. o. v. granted below; an argument which in effect is a two-dimensional one.

First, defendants maintain that plaintiff violated North Dakota law by crossing a no-passing line into a for-

bidden lane of traffic, by driving in the left lane within 100 feet of an intersection, and by increasing his speed as he approached defendants' vehicle at the intersection, and that such conduct was the proximate cause of the accident.[4] Defendants admit that violation of a statute alone is not sufficient to bar recovery, Fagerlund v. Jensen, supra, 24 N.W.2d 816, but assert the correlative proposition that where the violation is the proximate cause of the injury, recovery is barred. Anderson v. Langenfeld, 72 S. D. 438, 36 N.W.2d 388 (1949). To be sure, defendants' legal proposition is a valid one. However, under the facts here involved, we cannot say, *as a matter of law,* that plaintiff's conduct in crossing the center line and in failing to reduce his speed, either alone or as a contributory factor, was the proximate cause of the collision. In regard to statutory violations, see and compare, Glawe v. Rulon, 8 Cir., 284 F.2d 495, 497 (1960); Greene v. Werven, supra, 275 F.2d at 138–139; Mills v. Roggensack, N. D., 92 N.W.2d 722, 726 (1958).

As we have seen, the issues of contributory negligence and proximate cause are primarily jury questions and become questions of law only when the facts allow reasonable men to draw only one conclusion. The violations of the statutory provisions and rules of the road, under the circumstances here, do not warrant action by the court in disturbing the jury determination. In addition to previously cited cases, see and compare, United States Fire Insurance Co. v. Milner Hotels, 8 Cir., 253 F.2d 542 (1958); Attleson v. Boomgarden, N.D., 73 N.W.2d 448 (1955); Moe v. Kettwig, N.D., 68 N.W.2d 853 (1955).

In the second phase of their argument, defendants engage in mathematical deductions in an effort to demonstrate that plaintiff's failure to stop or to "get back into his proper lane of travel" compels a holding that he was contributorily negligent and that such negligence was the proximate cause of the accident as a matter of law. Defendants reason that plaintiff's own testimony conclusively establishes these facts: that defendants' truck was standing 10–25 feet west of the intersection; that this truck started from its stationary position and moved northeastwardly across the intersection at about 5 m. p. h.; that plaintiff traveled toward the intersection at a speed eight times greater than the speed of defendants' vehicle; that the latter "must have moved" from its standing position a total of 54 feet; that while moving this distance at 5 m. p. h., plaintiff, traveling 7–8 times faster, necessarily traversed a distance of 378–432 feet; and that based upon plaintiff's testimony that he could stop his vehicle in approximately 100 feet, it follows that plaintiff had ample time to avoid the collision. Alternatively, the argument is advanced that, even if the collision occurred just north of the center line of Highway 12 as claimed by plaintiff, using the same speed ratio, plaintiff's vehicle traveled from 238 to 272 feet from the time plaintiff saw defendants' truck start to move forward, thus again affording plaintiff ample time in which to have avoided the collision.

This argument, standing alone, sounds plausible, but a close scrutiny of the record renders it vulnerable for two cogent reasons. First, defendants have seized upon and utilized the speed and distance figures (estimates) most favorable to them. It plainly appears that if the mathematical analysis is based upon the evidence in regard to speed and distances most favorable to plaintiff, as it must be, defendants' contention is stripped of persuasiveness.[5] So viewing the evidence, the jury could find, as it manifestly did, that plaintiff in the exercise of ordinary

---

4. The North Dakota law concerning the marked no-passing zone and concerning driving to the left of the center of a highway within 100 feet of an intersection is statutory. Defendants rely on decisional law in asserting that plaintiff should have "slowed his vehicle" and used "additional caution" as he approached defendants' truck and the intersection.

5. Even defendants' alternative argument fails to utilize the speed and distance figures most favorable to plaintiff.

care, could not have prevented the collision. See Partlow v. Goldstein, supra, 263 F.2d at 172. Certainly consideration of the favorable estimates of speed and distances leaves absolutely no basis for holding that plaintiff was contributorily negligent as a matter of law, and that such negligence was the proximate cause of the collision.

Secondly, defendants' assumption that the speed and distance figures forming the basis of their mathematical deductions appear as positive and unequivocal proof of the fact, is clearly erroneous. From plaintiff's testimony it is compellingly clear that the statements concerning speed and distances obviously were not positive declarations of fact, but were so qualified that they were intended to be and were nothing more than inexact estimates with all the frailties inherent in that character of testimony. Typical of plaintiff's testimony are these two extractions from the original transcript:

"Q. And it was traveling not over five miles an hour? A. I don't know how fast it was traveling, sir.

"Q. That's what you said a while ago? A. I told you once five to ten miles an hour. I don't know how fast.

"Q. Just now you said five miles an hour, didn't you? A. Well, now, I can't estimate the speed, sir.

\* \* \* \* \* \*

"Q. Did you at any time make measurement of the point from which the Osendorf vehicle moved to the point where you feel the impact occurred? A. No, sir.

"Q. These estimates—these distances that you have been giving then, they are your best estimate as you can recall? A. As best I could, sir."

 It is generally recognized that a party is not conclusively bound by estimates of speed and distances. The weight of evidence of this type is for the jury. Ferderer v. Northern Pac. Ry. Co., 77 N.D. 169, 42 N.W.2d 216, 225 (1950); Merchants Motor Freight v. Downing, 8

Cir., 227 F.2d 247, 251 (1955); Day v. Frazer, 59 Wash.2d 659, 369 P.2d 859 (1962); McDonough v. St. Louis Public Service Company, Mo., 350 S.W.2d 739, 744 (1961); Lowe v. Athens Marble & Granite Company, 104 Ga.App. 642, 122 S.E.2d 483 (1961); Barb v. Lowe, 196 Va. 1014, 86 S.E.2d 854 (1955); 32 C. J.S. Evidence § 568(c), (g).

Application of this rule convinces us that the mathematical computations relied upon here by defendants do not, as a matter of law, destroy plaintiff's case. It was for the jury to consider the speed and distance figures along with the other evidence.

In summary, we hold that the court properly submitted the case to the jury in the first instance, but improperly nullified the jury's finding by entering judgment n. o. v. Accordingly, we vacate the judgment appealed from and remand the cause with directions to reinstate the verdict in favor of plaintiff and to enter judgment thereon.