**Lawrence Harold WOOD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17620.**

United States Court of Appeals
Eighth Circuit.

March 17, 1965.

Rehearing Denied April 9, 1965.

Blackmun, Circuit Judge, dissented.

Phillip S. Brown, of Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, Mo., made argument for appellant.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., made argument for appellee, F. Russell Millin, U. S. Atty. and Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., on the brief.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellant was found guilty by jury verdict under an indictment which singularly charged him with unlawfully "entering a railroad car * * * containing an interstate shipment of freight, * * having the intent to commit a larceny therein" in violation of § 2117, Title 18 U.S.C.A., and was sentenced to six (6) years' imprisonment therefor. He was granted leave to perfect appeal therefrom *in forma pauperis* by his sentencing Court. He seeks reversal of his conviction on several grounds: (1) there was a variance between the charge set forth in his indictment and proof adduced at his trial; (2) the verdict of guilt is not supported by the evidence; (3) error as to the admission of specified testimony; and (4) refusal of his trial Court to charge the jury as requested in relation to the testimony of an accomplice.

There is no substantial dispute as to the operative facts appearing of record in this wholly circumstantial evidence case. Since the "statement of facts contained in appellant's brief is adopted by appellee as being accurate," the facts hereinafter emphasized are all that need be stated to posit the disposition made of this appeal.

On June 13, 1963, Armour & Company, in Kansas City, Kansas, consigned a shipment of meat to one of its plants, in Elmira, New York. That meat was loaded in refrigerator car No. ARL–9090, which thereafter was duly sealed. The Missouri Pacific Railroad Company (Mo. Pac.), the originating carrier, moved that car during the nighttime as part of a transfer from Armour's plant in Kansas

City, Kansas, to Mo. Pac.'s transit yards in Kansas City, Missouri. In the course of the movement thereof, it passed through the G. M. & O. freight yards at a rate of speed between 10 and 15 miles per hour, between 9:00 and 10:00 P.M., when a refrigerator car thereon was seen by two yard employees, with a door open and "a man standing on the step had a bunch of meat laying in front of him and there was another fellow riding the coupler." The only identification made of such persons is, "they were colored." Mo. Pac's special agents were alerted to that development. Shortly thereafter, the above-mentioned yard employees observed a Santa Fe train traveling west through the yards, and there was a refrigerator car on that train with a door open. A "colored man" riding that train got off in front of the G. M. & O. yard office and walked west through the railroad yards. Later that night, a Mo. Pac. security officer, while making an investigation in the Mo. Pac. yards, found car ARL–9090 with the seal broken and door open. After observing it was loaded with meat, he closed the door and resealed it.[1]

On the same night, around 11:15 P.M., another Mo. Pac. security officer met appellant on a public street in Kansas City, Missouri, in the vicinity of, but not in, the railroad yard above mentioned. Because that security officer "knew this man from past experiences" he stopped him and inquired what he was doing in that vicinity. It is that officer's testimony that appellant told him he was there with a friend and the car broke down and he was going for help.[2] The officer testified, "I noticed he was wearing a beige colored shirt and on the shirt there was leavings of meat grease" which led him to suspect appellant had some

connection with the theft of meat from railroad car ARL–9090, supra. As a consequence, that officer and one of the yard men above mentioned followed appellant for several blocks, until Kansas City police officers were accosted, who placed appellant under arrest.

On cross-examination, the above-mentioned Mo. Pac. special officer testified, there was more than one refrigerator car entered in the same transit yard on the night here considered. The only reasonable inference to be made from his testimony is, that the other refrigerator car was part of a Santa Fe train, and also contained a shipment of meat; that entry was made therein and meat taken therefrom in the same vicinity and was found in weeds in close proximity to the place where the Government's evidence reveals meat from car ARL–9090, ante, was found.

The most damaging testimony adduced at appellant's trial, circumstantially connecting him with the only crime for which he was here charged, was that given by an admitted accomplice, Barnabas Farrell, who testified as a witness on behalf of the Government. It was that witness's testimony that he had been slightly acquainted with appellant prior to the time of the above-related facts. On the day in question appellant approached him and made a request to be driven "some place" that evening, for which he would pay $15.00. Farrell testified that at appellant's direction he drove an automobile to the vicinity of Troost and Guinotte Streets, in Kansas City, Missouri, near, but not in, the railroad yards above mentioned, at about 7:30 or 8:00 P.M. After arriving at that location and parking the car, appellant got out and said: "Come on, let's catch the train." In answer to the question: "Did

---

1. Substantial evidence was adduced at appellant's trial there was a shortage of meat in that shipment on arrival at its destination, some of the type and kind pertinent to the meat involved in the case at bar.

2. Other evidence adduced at appellant's trial established there was an automobile parked in the vicinity where appellant was stopped, and, on inspection thereof, it was "found the back seat floorboards (were) covered with newspapers." That automobile was identified at appellant's trial as one driven by Barnabas Farrell, a confessed accomplice.

he say anything else about why he wanted to catch the train?" Farrell's answer was: "He said he was going to throw something off and wanted me to throw it off the track." Thereafter, Farrell testified, he and appellant boarded a train, otherwise unidentified, moving through the above-mentioned yards; that the appellant boarded first, and he (Farrell) got aboard two cars behind appellant; that he did not thereafter see appellant "enter any freight car" or see him "inside any freight car," nor did he see appellant "throw anything out of any freight car," although "I was watching for something to be thrown off, I didn't know what * * *." Upon seeing two boxes on the ground beside the tracks, Farrell got off the train, picked up the boxes and secreted them in some weeds. While doing so, he saw the word "Armour" on one of the boxes. Such are all the salient facts contained in this record circumstantially connecting appellant with the crime for which he was here prosecuted and stands convicted.

Appellant's Court-appointed counsel, by argument, premises the first assignment of error, ante, thus: There was a fatal variance between the language of appellant's indictment and the evidence presented at his trial, in that there was no proof adduced, either directly or circumstantially, that appellant might, could, or did "break the seal" or make entry into refrigerator car No. 9090, traveling in interstate commerce, as the Government here contends; and the submission of that issue for consideration by the jury under the particular proof here adduced was prejudicial error. It is not necessary that we follow appellant's counsel in all the logic and presentation he makes in support of that assigned error. It is sufficient to note that as a part of the premise for such claim of "variance" Court-appointed counsel points out that it is wholly related to the "sufficiency of the evidence" to sustain the only charge made against appellant, namely, unlawful "entry" into a boxcar moving in interstate commerce, in violation of § 2117, supra; and that

his trial Court "charged the jury" as follows:

"* * * If you find and believe beyond a reasonable doubt that the defendant did *break the seal* of this boxcar, ARL–9090 and enter it in the intent to commit a larceny * * you should find the defendant guilty." (Emp. added.)

That appellant's counsel asserts, was error because his indictment:

"* * * does not charge the defendant-appellant with breaking the seal of any boxcar but merely with entering a boxcar, namely, ARL–9090, with the intent to commit a larceny. It is further submitted that it was never proved by circumstantial evidence, or otherwise, that defendant entered any boxcar."

Be the above-quoted contention, as it may, counsel for the Government, by brief filed before us, concedes the instruction, ante, as given by appellant's trial Court:

"* * * presents two issues to the jury. One, whether the defendant *broke the seal* of the car in question, and, secondly, whether he did enter that car with the intention of committing a felony therein. The Government concedes that the only issue before the jury was whether the defendant did in fact enter the car with the requisite intent and that the mention by the Court (below) of 'breaking the seal' should have been omitted." (Appellee's Brief, p. 4. Par. and italics added.)

In the light of the character of the proof adduced at appellant's trial, we can only agree.

Appellant by indictment was only charged with the crime of entering a boxcar moving in interstate commerce with "intent to commit a larceny." The gravamen of such crime is stated with clarity in United States v. Carpenter, 143 F.2d 47, 48 (7 Cir. 1944). This Court has previously ruled that instructions given to the jury in a criminal case should not include, or comment be made

on, that part of a statute defining an offense which is not charged in an indictment. De Mayo v. United States, 32 F.2d 472 (8 Cir. 1929); Bishop v. United States, 16 F.2d 406 (8 Cir. 1926). That is so because a defendant in a criminal case is entitled to be tried only on the charge brought against him. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252; Epstein v. United States, 174 F.2d 754 (6 Cir. 1949). Any material variance from an indictment charge by proof, or submission of a criminal case for consideration by a jury, if found prejudicial, is reversible error. Cf. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Russano, 257 F.2d 712 (2 Cir. 1958). Whether error committed in a criminal case is harmless or prejudicial under Rule 52, F.R.Crim.P. may often be determined by a consideration of whether the testimony of the defendant's guilt is overwhelming or whether the Government's case is weak. Cf. United States v. Levi, 177 F.2d 827 (7 Cir. 1949).

As above noted, the matter of variance as presented in this appeal arises wholly from the "state of the proof" as made at appellant's trial which Court-appointed counsel asserts we cannot ignore. As that counsel points up, the latter proposition does not involve the weight of the testimony adduced at appellant's trial, but arises from a consideration of the sufficiency thereof to support the verdict of the jury as returned in this wholly circumstantial evidence case. From that counsel's argument and an examination of the record before us, it appears that such contention is premised thus. In addition to the facts hereinabove related, the evidence is that approximately two hours after the time the Government's proof establishes entry was made into refrigerator car 9090, ante, and meat was taken therefrom, two Missouri Pacific special officers "walked out the tracks" in an endeavor to locate meat that may have been taken from that car. The evidence is that those officers "entered (the) tracks" approximately at the place where the Government's evidence reveals appellant and his accomplice boarded a moving train under circumstances as above mentioned. Those two officers "walked east * * * about ten blocks (where they) found on the north side of the tracks two cartons (of meat) in weeds and grass" which were identified at appellant's trial as containing meat from the shipment made in refrigerator car 9090, ante. Two days later, one of the above-mentioned special officers, while making further investigation, found other meat in weeds alongside the tracks, in close proximity to the same place where the first-above-mentioned meat was located. The latter meat was "deteriorated" and was identified at appellant's trial as having come from the shipment of meat made in refrigerator car ART–91627, which was a complement of the above-mentioned Santa Fe train.

It is in the light of all the proof adduced at appellant's trial that the claim of error on the ground of "variance" must be considered, measured and weighed. Here the Government concedes that appellant was only charged by indictment with unlawful "entry" in refrigerator car No. 9090, ante, and that "breaking the seal" thereof was not pertinent to the charge. However, by the charge as given to the jury, ante, it clearly appears it was informed that it was necessary to first find appellant did "break the seal" to that car before it could make a finding as to "entry" therein. Hence a finding of fact in respect to the only charge made against appellant by his indictment required an auxiliary finding that he did "break the seal" to car 9090, ante; and such was an absolute predicate and *sine qua non* without which a finding of guilt as charged could not be made. Therefore, if a finding of the predicate fact, i. e. "breaking the seal" of refrigerator car No. 9090, cannot be inferred from the evidence adduced at appellant's trial, the only conclusion to be reached is that the submission of that issue in the Court's charge to the jury was prejudicial and erroneous as a matter of law. This is

so, because it is axiomatic that sufficiency of the evidence in every criminal case, to sustain a conviction, must be judged with respect to proof of the offense actually alleged in the indictment. Walker v. United States, 4 Cir., 104 F.2d 465. Whether a variance is prejudicial can only be determined from the facts adduced in each case. United States v. Russano, supra. The question here is this: Was the "variance" which counsel for appellant asserts exists in the case at bar, prejudicial? We think it was for the following reasons.

From the scanty, indefinite and indecisive proof adduced at appellant's trial, it is wholly inconceivable, by any process of logic or reasoning from the facts disclosed in this record, how appellant might, could, or did, board a moving freight car, traveling ten (10) to fifteen (15) miles per hour, and within a distance of "ten blocks" i. e. less than one (1) mile, or within at the very most four to six minutes, "break the seal" of the refrigerator car here considered, make "entry" therein with intent to, and did throw meat therefrom, under the scanty circumstantial facts relied on by the Government to establish appellant's guilt of the only charge made against him. How that phenomenon might, could, or did, within any degree of reason take place cannot be inferred from the state of the proof before us; and Government's counsel does not undertake to elucidate, enlighten, or explain how that happenstance could possibly have occurred or have been brought about. The only valid conclusion to be reached is that the "breaking of the seal" under the above stated conditions is inherently unbelievable—opposed to natural law, common knowledge and experience; which from this record creates a substantial doubt as to the sufficiency of the proof made at appellant's trial to sustain the verdict of guilt as returned by the jury.

As counsel for appellant points up in this wholly circumstantial evidence case:

"* * * When there is a total absence of direct proof of essential facts * * * the evidentiary facts viewed in the light most favorable to the prosecution must fairly warrant (the) inference (of guilt and) if they do not and the inference is so tenuous as to amount to mere speculation, the verdict is conjectural and must be set aside." Citing Moore v. United States (CA-4, 1959) 271 F.2d 564, l. c. 568.]

This Court has many times stated:

"Where the evidence for conviction is circumstantial, all the circumstances proved must be consistent with each other, consistent with the hypothesis that accused is guilty, and inconsistent with every reasonable hypothesis except that of guilt." (Citing cases.) Tri-Angle Club, Inc. v. United States (8 Cir. 1959) 265 F.2d 829, l. c. 833.

Also:

"Inferences (to be made in every case) must be based upon proven facts or facts of which judicial notice [may] be taken and one inference cannot be based upon another inference. To sustain a finding of fact the circumstances proven must lead to the conclusion with reasonable certainty and must be of such probative force as to create the basis for a legal inference and not mere suspicion." Wesson v. United States, 172 F.2d 931, 933 (8 Cir. 1949).

More recently we had occasion to say, in a civil action:

"We are cognizant of the general rule that a verdict cannot be based on evidence which cannot possibly be true, is inherently, unbelievable, or is opposed to natural laws. 32 C.J.S., Evidence § 1042, pp. 1125–1126; 20 Am.Jur., Evidence § 1183, pp. 1033–1034. Where undisputed physical facts are entirely inconsistent with and opposed to testimony necessary to make a case for the plaintiff, the physical facts must control. No jury can be allowed to return a verdict based upon oral testi-

mony which is flatly opposed to physical facts, the existence of which is incontrovertibly established. Stolte v. Larkin, 8 Cir., 110 F.2d 226, 229 (1940)." Born v. Osendorf, 8 Cir., 329 F.2d 669, 672.

■ Such is applicable law in the light of the proof adduced in this circumstantial evidence case where the burden of proof demands guilt be established beyond a reasonable doubt.

■ In the light of what is above said, appellant's conviction cannot be allowed to stand. We do not consider that outright reversal should here be made. The only defense proffered by appellant—an alibi—was rejected by a jury of his peers. Seemingly, from the brief the Government has lodged with us, there is other evidence available to it that should be considered at another trial of defendant on the only indictment charge here made against him. Hence, remand for a new trial is all that should here be ordered.

We need not ventilate the other assignments of error presented by appellant's Court-appointed counsel. We have thoroughly considered the same. As said in De Mayo v. United States, supra:

"It is improbable that the irregularities to which attention has been called will be repeated in another trial of the case; but we cannot forbear calling attention to the serious damage which may accrue to the administration of the criminal laws if counsel permit their zeal * * * to obscure their judgment in the heat of trial. A prosecution may fail and the cause of justice may suffer quite as completely through overtrying as through lack of preparation and neglect." Cf. 32 F.2d l. c. 475 (8 Cir. 1929).

Reversed and remanded for a new trial.

We acknowledge with gratitude the excellence of briefs filed by Phillip S. Brown, a member of the bar of this Court, and his representation of appellant under appointment of this Court without hope of remuneration therefor.

BLACKMUN, Circuit Judge (dissenting).

I must dissent for I feel that the government has proved a submissible case and that no prejudicial error is present.

It is true that there is no direct testimony that this defendant entered Car ARL–9090 or that he threw meat cartons out its door. Farrell was not positioned so as to be able to testify to those details. But the testimony of Farrell, although that of a convicted felon, provides, with the circumstantial evidence, a strong case of damaging character to the defense and one not physically impossible of commitment. His testimony as to meeting the defendant that night; as to being offered payment for his transportation; as to their use of the automobile; as to being directed where to go as they moved along; as to being invited by the defendant to catch the train together; as to the defendant's saying he would throw something off that train; as to seeing boxes on the ground; as to moving them into the weeds, provides material which, with the other evidence, if believed, is not consistent with innocense of the crime with which the defendant was charged. The existence of some references to Car ART–91627, also violated that night, does not lessen the vigor of the case against the defendant. We should, after all, view the evidence in the light most favorable to the verdict. McIntosh v. United States, 341 F.2d 448 (8 Cir. 1965), and cases cited.

Further, I see here no variance, let alone a material one. This was nothing more than a harmless error in instructions. The court's charge to the jury, when considered in its entirety, as it must be, is to the effect that entry plus intent were the factors of the crime. I am not persuaded that the jury could have been adversely confused in any way. If prejudice was present, it was in favor of the defendant and not against him. The quoted portion of the charge required, at the most, that the jury find one additional (not alternative) adverse factual detail than the indictment embraced. United States v. Heine, 149 F.2d

485, 488 (2 Cir. 1945), cert. denied 325 U.S. 885, 65 S.Ct. 1578, 89 L.Ed. 2000. This is not the kind of thing which concerns substantive rights, affects the preparation of the defense case, or fails to protect against another prosecution for the same offense. Neither is this a situation where a jury convicts of one crime under a charge and trial of another.

I would affirm.