## UNITED STATES

v.

**Airman Basic Douglas N. MEYER, FR 004–56–3981 1913th Communications Squadron 4500th Air Base Wing (TAC).**

**ACM 21923.**

U. S. Air Force Court of Military Review.

11 Dec. 1975.

## DECISION

LeTARTE, Chief Judge:

In consonance with his pleas, the accused was convicted of two unauthorized absences, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was also convicted of two specifications of larceny, to which he had pleaded guilty to the lesser offenses of wrongful appropriation, in violation of Article 121, 10 U.S.C. § 921. He was sentenced to be discharged from the service with a bad conduct discharge and to be confined at hard labor for eight months. The convening authority approved the sentence as adjudged and designated the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement.

Appellate defense counsel have assigned two errors, as follows:

I. THE RIGHTS OF THE ACCUSED UNDER UNITED STATES V GOODE WERE VIOLATED BY FAILURE TO PERMIT HIS COUNSEL TO REBUT THE SUPPLEMENTAL REVIEW OF THE STAFF JUDGE ADVOCATE.

## II. THE ACCUSED WAS DENIED THE OPPORTUNITY TO REBUT THE PSYCHOLOGICAL TEST REPORT, DATED 19 SEPTEMBER 1975, UPON WHICH THE CONVENING AUTHORITY'S ACTION WAS BASED.

Following completion of the staff judge advocate's post-trial review, on 9 September 1975, a copy thereof was served on counsel for the accused pursuant to the order of the Court of Military Appeals in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). On 10 September, the accused's counsel submitted a challenge to the review claiming several deficiencies, the most significant being the failure to afford the accused an opportunity to rebut the clemency evaluator's report. The next day, defense counsel requested that the convening authority delay his action pending receipt of an anticipated clemency recommendation from the military judge and a second medical evaluation of the accused which defense counsel had already requested. This request was apparently approved since the record includes the military judge's clemency recommendation, dated 11 September 1975, and the diagnostic impression of a clinical psychologist dated 19 September.

On 22 September, a supplemental review was completed, and the convening authority's action taken. In this document, the reviewer discussed the accused's rebuttal to the clemency evaluation report and the clinical psychologist's medical report. However, as indicated in the assignments of error, neither the accused nor his counsel were afforded an opportunity to challenge or rebut any matters set forth in the supplemental review or the psychological test report.

 Under the circumstances of this case, we do not perceive any possibility of prejudice to the accused, nor do we find that the *Goode* mandate was violated.

Compliance with the *Goode* rule was not intended to generate an endless succession of defense challenges and staff judge advocate responses thereto in the manner suggested by appellate defense counsel's assignment of error. Such a requirement could place an intolerable burden upon convening authorities to afford an accused the speedy post-trial disposition of his case.[*] Furthermore, although corrective action would be necessary where the staff judge advocate's response to a defense rebuttal introduces erroneous, inadequate or misleading matters which counsel for the accused is not thereafter permitted to challenge, clearly that situation did not arise in the case before us. Here, the alleged deficiencies outlined in defense counsel's rebuttal were noted and discussed in the supplemental review, and the only new matter considered was the psychologist's diagnosis, which had been requested by the defense and which hardly contained challengeable material.

In sum, we are of the opinion that further application of the *Goode* mandate in this case was not required and would have unnecessarily delayed the convening authority's formal and final action.

For the reasons stated, the findings of guilty and the sentence are affirmed.

EARLY and FORAY, Judges, concur.

<hr>

[*] See *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), which establishes a guideline that a presumption of a denial of speedy disposition of a case arises when an accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint. Significantly, compliance with the *Goode* requirement is not sufficient cause to extend the 90-day period in cases subject to the *Dunlap* rule. *United States v. Goode,* supra, footnote 1.