UNITED STATES, Appellee,

v.

Private First Class James A. BARNES, III, SSN 430–02–3844, United States Army, Appellant.

CM 433777.

U. S. Army Court of Military Review.

6 July 1977.

---

Captain John M. Nolan, JAGC, argued the cause for appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, Lieutenant Colonel James Kucera, JAGC, and Captain Sammy S. Knight, JAGC.

Captain Gregory M. Van Doren, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Richard S. Kleager, JAGC.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

JONES, Senior Judge:

Appellant was convicted of selling marihuana, resisting apprehension and assault with a means likely to produce grievous bodily harm in violation of Articles 134, 95 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 895 and 928. We are reviewing the case pursuant to Article 66, UCMJ.

### I

This Court has held this case in abeyance pending disposition by the United States Army Court of Military Appeals of the issue of equal protection of the laws in the method of charging drug offenses. That issue having been decided in *United States v. Courtney,* 1 M.J. 438 (1976), and *United States v. Jackson,* 3 M.J. 101 (C.M.A. 1977), we may now proceed with the review of this case.

■ The equal protection standard established in *Courtney* and made prospective by *Jackson,* applies only to cases tried or re-tried after 2 July 1976. As this case was tried prior to that date, charging the marihuana offenses under Article 134, Uniform Code of Military Justice, was permissible.

### II

The appellant alleges that the military judge erred in failing to allow the defense to present testimony from three witnesses contradicting a key prosecution witness (Specialist Ware). The judge, relying on paragraph 153*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), precluded the defense from soliciting testimony as to specific acts of misconduct not amounting to convictions. The acts of misconduct related to drug abuses. The judge

ruled that the defense was bound by Ware's denials of such drug related misconduct.

■ The appellant correctly points out that under the holding of the United States Court of Military Appeals in *United States v. Lyon,* 15 U.S.C.M.A. 307, 35 C.M.R. 279 (1965), specific acts of misconduct not amounting to conviction are admissible, if relevant to the merits of the controversy, without regard to the denials made by the witness. Here, testimony that Ware, who allegedly purchased the marihuana from the appellant, had himself used and sold drugs was admissible on the merits of the controversy to support defense's contention that Ware had possessed these drugs all along and had tried to sell them to the appellant. Thus, the judge's refusal to allow the questions was error. *United States v. Lyon, supra.*

■ We find no prejudice to the appellant from the erroneous ruling, however. Although the judge would not allow the three witnesses to testify as to specific instances of use or sale, he allowed them to testify as to Ware's reputation regarding drugs.* One testified that Ware had a big drug habit; another testified that he was a known drug abuser and drug seller; and the third testified that he had no knowledge that Ware was a known abuser or seller. The judge also permitted testimony from other witnesses that Ware had a reputation for selling drugs in the barracks; that he possessed a bag of marihuana the night before the sale similar to the one he allegedly purchased from appellant; and that he had tried to sell a bag of marihuana the night before the sale similar to the one he allegedly purchased from appellant.

This evidence, both of reputation and of specific acts, amply presented defense's contention that Ware, a known user and seller,

---

* In our opinion Ware's reputation as a drug abuser and seller was admissible under paragraph 138*f*(3), Manual for Courts-Martial, United States, 1969 (Revised edition), which provides that:

"Evidence as to the character of persons other than the accused is admissible when it is relevant to an issue in the case."

Although the example given under this paragraph deals only with the violent or peaceable character of a victim of a homicide, there is no indication that that character trait was the only one that would be admissible. Here, Ware's character as a person involved in drugs had a direct bearing on whether the appellant or Ware was the seller.

was the possessor of the marihuana and an attempted seller while appellant was an innocent victim. The other specific acts of misconduct would have added nothing and the refusal to permit the testimony resulted in no prejudice to the appellant.

The military judge resolved the factual question against the appellant. We, too, are convinced beyond a reasonable doubt of his guilt.

### III

■ In advising the appellant on his request for trial by judge alone, the military judge spoke of appellant's right to a trial by a court with members without specifically mentioning that court membership could include enlisted persons. The appellant maintains the failure to inform him of his right to enlisted members was error, relying primarily on Appendix 8*b* of the *Manual*, and *United States v. Parker*, 6 U.S.C.M.A. 75, 19 C.M.R. 201 (1955).

Although the explanation may have been more thorough had the military judge delineated the right to enlisted members, his failure to do so was not error. The Request for Trial before Military Judge Alone form recited that defense counsel had properly advised appellant concerning his rights, including the right to enlisted members on the court. The appellant in court acknowledged that he had been so advised and trial defense counsel obviously agreed as he indicated nothing to the contrary. Accordingly, there was no error.

The findings of guilty and the sentence are affirmed.

Judge FULTON and Judge FELDER concur.