UNITED STATES, Appellee,

v.

James A. BARNES, III, Private First Class, U. S. Army, Appellant.

No. 34,708.

CM 433777.

U. S. Court of Military Appeals.

Dec. 3, 1979.

For Appellant: *Captain Richard A. Pearson* (argued); *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock; Major Benjamin A. Sims, Captain John E. Caulking* (on brief).

For Appellee: *Captain Brian Y. Bush* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Michael B. Kennett* (on brief).

PER CURIAM: *

The appellant was convicted of selling marihuana, resisting apprehension, and aggravated assault, in violation of Articles 134, 95 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 895 and 928, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

for 2 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. We granted review to determine whether the military judge erred in failing to allow the defense to present contradictory testimony bearing on the credibility of testimony received from the key prosecution witness, and whether the military judge erred by failing to advise appellant of his right to be tried by a court composed of one-third enlisted members.

The charges arose from the controlled purchase of marihuana from the accused by Specialist Ware, who had approached appellant earlier on the day of the offense to arrange the transaction. Ware was searched and placed under surveillance. He was observed entering appellant's car and then leaving without having given the prearranged signal, after which he placed an object into the trunk of his own car. There was no surveillance of the actual events inside appellant's car. After Ware had placed the object into his trunk, both he and appellant went separately into appellant's barracks. Appellant soon left the barracks and was apprehended, giving rise to the remaining charges. Ware was not searched, and the marked $50 bill which he had been given to consummate the transaction was never found. However, marihuana was found in a subsequent search of the trunk of the automobile. Ware's testimony at trial denied either prior use or sale of drugs. Although the military judge permitted defense witnesses to testify to Ware's reputation for drug involvement, including addiction to as well as possession and sale of drugs, he excluded evidence concerning any acts of misconduct not resulting in a conviction.[1]

■ Appellant claims error to his substantial prejudice, asserting that had the excluded evidence been admitted, the credibility of the government's witness would have been so impaired that a different verdict might well have been obtained. We agree.

Paragraph 138f(3), Manual for Courts-Martial, United States, 1969 (Revised edition), provides that "[e]vidence [relating] to the character of persons other than the accused is admissible when it is relevant to an issue in the case." This provision does not deviate from the long-standing evidentiary rule announced in *United States v. Lyon*, 15 U.S.C.M.A. 307, 35 C.M.R. 279 (1965). In *Lyon*, we addressed the distinction between introduction of extrinsic evidence in contradiction of the denial of a non-party witness of other acts of misconduct solely for *impeachment* purposes, and evidence of other acts of misconduct in connection with the *merits* of the controversy. *Cf. United States v. Robertson*, 14 U.S.C.M.A. 328, 34 C.M.R. 108 (1963). *Accord*, Fed.R.Evid. 404(b).

As the Court below correctly found that error was committed, we are here concerned primarily with appellant's claim of prejudice. The court below concluded, based on the evidence which the military judge admitted relating to those specific acts and reputation, that appellant had been accorded ample opportunity to demonstrate Ware's proclivity for the use and sale of drugs and to consequently characterize himself as "an innocent victim" of Ware's activities. On this basis, they reached the ultimate conclusion that no prejudice resulted because the admission into evidence of additional acts of misconduct by Ware would not have substantially enhanced appellant's defense. *United States v. Barnes*, 3 M.J. 855 (A.C.M.R.1977).

■ Error not of constitutional dimension may be found harmless only upon the determination either that the finder of fact was not influenced by it, or that the error had but a slight effect on the resolution of the issues of the case. *United States v. Quinto*, 582 F.2d 224, 235 (2d Cir. 1978). The result orientation of the harmless error doctrine is essential to its operation, particularly when the challenged error involves a

---

1. The military judge at trial relied on paragraph 153b(2)(b), Manual for Courts-Martial, United States 1969 (Revised edition).

right of the defendant which permits him to develop his defense to its maximum competence. *United States v. Dougherty*, 154 U.S.App.D.C. 76, 91–92, 473 F.2d 1113, 1127–28 (D.C.Cir.1972). Concomitant with the result orientation of the doctrine is consideration of the comparative strength of the government's case. *Wood v. United States*, 342 F.2d 708 (8th Cir. 1965). The evidence concerning the source of the marihuana in appellant's vehicle, examined in the light most favorable to the Government, is circumstantial at best, in view of the failure to search the informant or to locate, pursuant to a search of appellant, any of the marked $50 bills given the informant used to consummate the transaction. The credibility of the government's witness was the most central and most closely contested issue in the case. In assessing prejudice, these factors must be included in our consideration without regarding the erroneous action apart from the whole of the proceedings. *Gaither v. United States*, 134 U.S. App.D.C. 154, 172, 413 F.2d 1061, 1079 (D.C. Cir.1969).

■ The influences of the erroneous conception of the applicable law on the finder of fact in this case is clear. As the military judge was clearly swayed by the error, the substantial right of the accused to perfect and develop his defense to its maximum potential was impaired to his substantial prejudice. Therefore, the error was not harmless when measured against the aforementioned standard. *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

■ Appellant seeks to persuade us, however, not only as to Charge I and its remaining specification, but Charges II and III as well, on the premise that the three offenses are so factually intertwined that conviction of specification 3 of Charge I for sale of marihuana unavoidably influenced the disposition of the charges arising from appellant's apprehension and his strenuous resistance to it. The facts as they appear on the record however, demonstrate that both the offenses reflected in Charges II and III occurred considerably later than the transaction which gave rise to Charge I, and required entirely different elements of proof. This aspect of appellant's claim must, therefore, be resolved against him.

■ We now turn to consideration of whether the military judge committed error in failing to advise appellant on the record of his right to be tried before a panel composed of not less than one-third enlisted members. In our decision in *United States v. Parkes*, 5 M.J. 489 (C.M.A.1978), we examined the earlier decision in *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970). We have considered appellant's assertions in light of these two opinions. Examination of the request for trial by military judge alone completed by appellant and appended to the record of trial, as well as the record of the inquiry made of appellant by the military judge during trial, reveals that the judge properly assured himself that appellant's request for trial by military judge alone was understandingly made. *United States v. Parkes, supra; United States v. Jenkins, supra.*

The decision of the United States Army Court of Military Review is reversed as to specification 3 of Charge I and as to the sentence. In all other aspects, it is affirmed. The record is returned to the Judge Advocate General. A rehearing as to specification 3 of Charge I and/or the sentence is authorized.

COOK, Judge (concurring in part and dissenting in part):

I agree with the determination that accused's assignment of error as regards his decision to have a bench trial lacks merit. *See United States v. Beard*, 7 M.J. 452 (C.M.A.1979). As to the evidentiary question, I agree with the decision of the Court of Military Review but in any event, instead of directing a rehearing on Charge I, specification 3 and the sentence, I would return the record of trial to the Court of Military Review either, in its discretion, to direct a rehearing or to dismiss the charge and reassess the sentence on the basis of the unaffected findings of guilty.