**UNITED STATES**

v.

**Airman First Class Larry D. COLDIRON, FR 440–58–6940, United States Air Force.**

**ACM S24902.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Nov. 1979.

Decided 20 Aug. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Judge:

Pursuant to his pleas, the accused was convicted by special court–martial consisting of a military judge sitting alone of one offense of larceny of stereo equipment in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for five months, forfeiture of $200.00 per month for five months, and reduction to airman basic.

Appellate defense counsel assert two errors. First, they claim that because the accused was not provided with his personal copy of the record of trial prior to the

convening authority's action, the latter must be set aside. Secondly, they contend that in view of the lenient sentence received by the coactor of the accused, he is entitled to sentence amelioration. We disagree with both contentions and affirm.

In regard to the defense's first contention, our review of the record discloses that the record of trial, which took place at Rhein–Main Air Base, Federal Republic of Germany, on 13 November 1979, was authenticated on 16 November 1979. The trial defense counsel acknowledged the examination of a copy of the record on 24 November 1979. On 4 December 1979 a formal clemency interview was conducted at the corrections facility on Ramstein Air Base, Federal Republic of Germany, where the accused was confined. The trial defense counsel was present and represented the accused during the interview. The convening authority's action was taken on 28 December 1979 and, thereafter, on 4 February 1980, the record of trial and review of the staff judge advocate to the general courts–martial supervisory authority dated 1 February 1980, were served on the accused's defense counsel. The counsel's response pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), was submitted on 8 February 1980 and the reviewing authority approved the convening authority's action on 11 February 1980. The record of trial was personally served on the accused on 19 February 1980.

■ Relying upon the provisions of Article 54(c), Code, 10 U.S.C. § 854(c) *supra*[1] and the case of *United States v. Cruz–Rijos*, 1 M.J. 429 (C.M.A.1976), the defense seeks to set aside the convening authority's action. While it was error to fail to provide the accused with a copy of the record of trial as soon as authenticated, *United States v. Cruz–Rijos, supra*, we find that under the

circumstances of this case, there was no prejudice to the accused.

The accused was assured effective representation when his trial defense counsel examined the record of trial and appeared with him during the formal clemency interview prior to the date of the convening authority's action. This afforded ample opportunity to submit an Article 38(c), 10 U.S.C. § 838(c) brief.[2] Further, the same counsel was provided a copy of the record of trial and the staff judge advocate's review at the time he was to respond to the review in satisfaction of the requirements of *United States v. Goode, supra*. These events occurred before the reviewing authority approved the action of the convening authority. Thus, the Government satisfied the spirit of Article 54(c) as contemplated in *Cruz–Rijos* and as approved by this Court in *United States v. Dillon*, 3 M.J. 504 (A.F.C.M.R.1977).

Next, we are asked to reassess the sentence in this case because when compared to the sentence approved in the case of the accused's coactor, amelioration is required. Senior Airman Davenport participated with the accused in the larceny of the stereo equipment. In accordance with his pleas, he was convicted of the identical offense and sentenced by special court–martial consisting of members to forfeitures of $150.00 per month for six months and reduction to airman first class.

■ In *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976), this Court recognized an exception to the rule derived from *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959), which generally prohibits the comparison of sentences in other cases. In *United States v. De Los Santos*, 3 M.J. 829 (A.F.C.M.R.1977), and more recently, in *United States v. Kent*, 9 M.J. 836 (A.F.C.M.R.1980), we examined the conditions requiring sentence comparison in

1. Article 54(c), Uniform Code of Military Justice, provides: "A copy of the record of the proceedings of each general and special court–martial shall be given to the accused as soon as it is authenticated."

2. Article 38(c), Code, *supra*, provides:

In every court–martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate.

determining sentence appropriateness. Our decision in *Kent* details the stepped process in ascertaining the applicability of the exception and the consideration required by an appropriate reviewing authority. Initially, a direct correlation between the offenses and offenders and the presence of highly disparate sentences must be established. Once these conditions are met, comparison of the relative culpability of the individuals and all other sentencing considerations present in the other record of trial is required to determine whether there are good and cogent reasons for the disparity in punishment. If there are no good and cogent reasons for the disparity, the resolution of sentence appropriateness in the case undergoing review, requires consideration of the lesser sentence in the companion case.[3] *United States v. Kent, supra.* However, even where all of these criteria are met and considered, neither punishment equalization nor sentence amelioration are required as a matter of law. Whether, and to what extent, any amelioration is granted is within the sound discretion of the approving or affirming authority as a part of the overall consideration of sentence appropriateness. On review, this exercise of discretion will be tested for abuse, and corrective action will result only from a finding that an abuse occurred.[4]

■ In applying the process to this case, we have no difficulty in determining that there was a direct correlation between the offenders and the offense. They were principals in the commission of the same offense of which each stands convicted. Likewise, even though we find the sentence adjudged against this accused entirely appropriate, considering both the offender and the offense, we agree that the sentences as to the accused and Senior Airman Davenport are highly disparate. Progressing to the next requirement, the record indicates that in assessing culpability for the offense, weighing the evidence presented in mitigation and extenuation, and considering their potential for rehabilitation, the balance tips slightly in favor of this accused for less severe punishment. Accordingly, we do not find good and cogent reasons for the sentence disparity.[5]

We find that while *United States v. Capps, supra,* permits the comparison, and *De Los Santos* and *Kent* compel the consideration of the comparison, in this case those precedents were satisfied. In his review, the staff judge advocate completely and thoroughly discussed the facts and circumstances of the two cases in analyzing the comparison for the convening authority. The latter adopted the rationale of his legal advisor and determined that the accused's sentence, following this careful comparison, was nonetheless appropriate. We find no abuse in the exercise of the convening authority's discretion in approving the sentence in this case.

Considering the foregoing, we also find the approved sentence appropriate and decline to grant amelioration.

The findings and the sentence are correct in law and fact and are

AFFIRMED.

EARLY, Chief Judge, and MAHONEY, Judge, concur.

---

3. There is no requirement for reconsideration of an earlier approved sentence upon subsequent approval of a significantly less severe sentence in a companion case.

4. Our application of the "abuse of discretion test" recognizes the difficulty in applying the rule of *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976), at this level where all the factors necessary for detailed sentence comparison in companion cases usually are not available. Thus, we are less suited to compare sentence differences and evaluate sentence considerations than the intermediate reviewing authorities.

5. In the examination for good and cogent reasons for the sentence disparity, the review of the staff judge advocate discusses a reliance, in part, upon the fact that one of the sentences under comparison was imposed by court members and the other by a military judge sitting alone. While this may be a valid *explanation* of the disparity, a similar disparity could result where the sentences were imposed by two different sets of court members or two different military judges. For purposes of determining a good and cogent *reason* for the sentence disparity, the existence of different sentencing authorities in the compared cases is a neutral factor.