**UNITED STATES**

v.

**Airman First Class Stanley K. LONDON, FR 554–19–1071, United States Air Force.**

**ACM 22663.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Nov. 1979.

Decided 27 Aug. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by general court–martial, military judge alone, the accused was convicted, pursuant to his pleas, of unlawful entry, two specifications of larceny and willfully damaging property of the United States, in violation of Articles 130, 121 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921, 908. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of $200.00 per month for 12 months and reduction to airman basic.

In their first assignment of error, appellate defense counsel assert that the review of the staff judge advocate was prejudicially inadequate in failing to properly advise the convening authority that he must consider the action taken against a co–actor in three of the charged offenses. We disagree.

Recently we have had occasion to consider the issue of sentence disparity. See *United States v. Coldiron*, 9 M.J. 900 (A.F.C.M.R. August 1980); *United States v. Kent*, 9 M.J. 836 (A.F.C.M.R. 3 July 1980). In *Coldiron, supra,* we set forth the conditions requiring sentence comparison in determining, as we must, sentence appropriateness:

Initially, a direct correlation between the offenses and offenders and the presence of highly disparate sentences must be established. Once these conditions are met, comparison of the relative culpability of the individuals and all other sentencing considerations present in the other record of trial is required to determine whether there are good and cogent reasons for the disparity in punishment. If there are no good and cogent reasons for the disparity, the resolution of sentence appropriateness in the case undergoing review, requires consideration of the lesser sentence in the companion case . . . However, even where all of these criteria are met and considered, neither punishment equalization nor sentence amelioration are required as a matter of law. Wheth-

er, and to what extent, any amelioration is granted is within the sound discretion of the approving or affirming authority as a part of his overall consideration of sentence appropriateness. On review, this exercise of discretion will be tested for abuse, and corrective action will result only from a finding that an abuse occurred. (citations and footnotes omitted.)

In this case, in response to the defense counsel's comments on the review, the staff judge advocate advised the convening authority:

In the present case, the accused individually developed the idea to commit both offenses, individually committed both offenses, and individually devised and executed the plan for disposing of the property. The only role Humbert (the co–actor) appears to have played was to tolerate the activities of the accused and to help him by providing the bolt cutters which eased his entry to the aero club . . . The Staff Judge Advocate, 60 ABG, Travis AFB, CA, advised me that Humbert was acting as a source of information for the AFOSI during the theft of the oxygen cylinders from the KC–135. He had provided information to the OSI after the break–in at Building 771 and agreed to contact the OSI if the accused were again involved in criminal activity. On the night of the theft of the oxygen bottles from the KC–135, . . . Humbert signaled his wife and she called the OSI. Thus, Humbert's criminal involvement concerns only the events preceding the offenses of 14 July 1979 in Building 771. In my opinion, the relative culpability of SrA Humbert and the accused is not analogous to that of the companion offenders in the two cases cited by defense. It is my opinion that the exception to the rule against sentence comparison is not appropriate in this case. The appropriateness of the sentence against the accused should be determined on its own facts and circumstances rather than on a comparison with the disposition of other case. (citations omitted.)

In our opinion, the convening authority was correctly advised both as to the facts and law applicable to the case. The requirement of similar culpability of the two offenders was not met. *United States v. Coldiron, supra.* Thus, the convening authority did not have to consider the punishment given Humbert as relative to the punishment to be imposed on the accused.

 In their second assignment, appellate defense counsel contend that it was error for the convening authority to consider, in his sentence deliberations, matters adverse to the accused from outside the record without affording the accused an opportunity to rebut or explain such matters. We agree.

As noted above, in response to the defense counsel's comments on the review, the staff judge advocate discussed the punishment given to Humbert. In noting that Humbert received a reduction in rank by action under Article 15, Code, *supra,* he attached a copy of the Article 15 action against Humbert and its supporting documentation. Part of the latter was two pages of a statement made by Humbert detailing his participation in the offenses, and also relating a number of statements made by the accused relating to other uncharged and unverified misconduct.

The law is clear that while the convening authority may consider, in his sentencing deliberations, adverse matters from outside the record of trial, "justice to the accused requires that he be given a fair and reasonable opportunity to rebut or to explain any matter which may be detrimental to him." *United States v. Lanford,* 6 U.S.C.M.A. 371, 20 C.M.R. 87, 97 (1955); *United States v. Griffin,* 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957). However, the problem in applying the rule here is that the accused already had exercised his right to comment on the review, and the complained–of material appeared in rebuttal to his comments. If we were to impose a requirement on the staff judge advocate that further comment by defense counsel to the addendum to the review must always be allowed, this would "generate an endless succession of defense challenges and staff judge advocate re-

sponses thereto . . ." which "could place an intolerable burden upon convening authorities to afford an accused the speedy post–trial disposition of his case." *United States v. Meyer*, 1 M.J. 755 (A.F.C.M.R. 1975).

Applying these principles to the instant case, it is clear that the matters contained in Humbert's statement were highly detrimental to the accused, and it was error to include them in the review without permitting an opportunity to rebut them. Thus, this case falls within the exception to the rule that no further comment of the defense counsel will be permitted on the addendum by the staff judge advocate. *United States v. Meyer, supra.* As the then Chief Judge LeTarte stated:

> . . . [C]orrective action would be necessary where the ⌐taff judge advocate's response to a defense rebuttal introduces erroneous, inadequate or misleading matters which counsel for the accused is not thereafter permitted to challenge, . . ..

*United States v. Meyer, supra,* at 756.

■ How to cure this error depends upon the facts of the particular case. We could return the record to the convening authority for submission to the trial defense counsel for further comments, or we can cure the effect of the error by reassessing the sentence here. *United States v. Griffin, supra.* Because of the time that has elapsed in the review process and the fact that the accused was sent to the 3320th Correction and Rehabilitation Squadron, Lowry Air Force Base, Colorado, we believe justice can best be served by our reassessment.

Reassessing the sentence in light of the above error, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for nine months, forfeiture of $200.00 per month for nine months and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

ARROWOOD, Senior Judge, and KASTL, Judge, concur.