UNITED STATES, Appellee,

v.

Vickram D. NARINE, Airman First
Class, U. S. Air Force, Appellant.

No. 39,624.

ACM S24842.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellant: *Captain J. Laurens Tullock* (argued); *Colonel Larry G. Stephens, Major Robert G. Gibson, Jr.* (on brief).

For Appellee: *Major George D. Cato* (argued); *Colonel James P. Porter, Major Robert T. Mounts* (on brief).

### OPINION OF THE COURT

COOK, Judge:

Tried by special court-martial, the accused was convicted, pursuant to his pleas, of transferring and possessing marihuana and, despite his pleas, of transferring marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $200.00 pay per month for 4 months, and reduction to airman basic. The United States Air Force Court of Military Review affirmed in a short-form opinion. We granted review on the following issue:

> WHETHER THE STAFF JUDGE ADVOCATE VIOLATED THE RULE OF *UNITED STATES V. GOODE*, 1 M.J. 3 (C.M.A.1975), WHEN HE ATTACHED AN ADDENDUM TO THE REVIEW DISCUSSING NEW MATTERS, AND FAILED TO ALLOW THE DEFENSE COUNSEL AN OPPORTUNITY TO REVIEW AND RESPOND TO THAT NEW MATERIAL.

We hold that he did and reverse.

The granted issue requires us to interpret the purpose of our mandate in *United*

*States v. Goode,* 1 M.J. 3 (C.M.A.1975). There we "ordered that . . . a copy of the" staff judge advocate's "review . . . be served on counsel for the accused" to afford "an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, *or on which he otherwise wishes to comment.*" 1 M.J. at 6. This "requirement . . . was predicated on a desire to eliminate delays encountered in claims of error in post-trial reviews and the exhaustion of appellate resources when such errors could easily and expeditiously be resolved prior to the convening and supervisory authorities' actions." *United States v. Hill,* 3 M.J. 295, 296 (C.M.A.1977). This procedure has proven useful in resolving those discrepancies in reviews which had plagued the appellate courts in the past. The Air Force Court of Military Review has gone even further and required "that when the defense counsel submits comments or challenges to the review . . . the staff judge advocate must, at a minimum, indicate his concurrence or disagreement with those comments prior to submitting them to the officer exercising general court-martial authority." *United States v. Boston,* 7 M.J. 953, 955 (A.F.C.M.R.1979). This was in order to assure "that the supervisory authority has the benefit of a complete evaluation of the defense counsel's comments." *Id.* at 954. The new matters here appeared in the

supplement to the review of the staff judge advocate.

 The post-trial review of the staff judge advocate was prepared on December 4, 1979. While the review was in the hands of defense counsel, the post-trial processing time passed 90 days. After defense counsel waived any *Goode* response, the staff judge advocate properly prepared "supplemental comments" to the review in which he discussed the delay in terms of *United States v. Banks,* 7 M.J. 92 (C.M.A.1979). In addition, the staff judge advocate discussed the effect of the military judge's ruling denying the accused's motion for a continuance in order to explore the possibility that a newly discovered witness might have information contradicting the testimony of the main government witness that he had not used marijuana since high school, in light of the decision in *United States v. Barnes,* 8 M.J. 115 (C.M.A.1979), which had just been received.[1] This, too, was an entirely proper function of the staff judge advocate to insure that the officer exercising general court-martial authority received the most current legal advice before taking his action. However, appellate defense counsel asserts and the court below agreed that this constitutes a discussion of "two new matters."[2] The granted issue asks whether

---

1. This request came during the presentencing portion of the trial. The military judge denied the request on the ground that the purported testimony pertained only to "a collateral matter" and was "not really germane to the issues before this court." Even if such a witness were discovered and even if he would testify that he observed the informant smoking marijuana while he was working for the Office of Special Investigations, which the informant denied, such evidence would only go to the credibility of the informant, a matter which normally cannot be attacked by collateral evidence. *United States v. Lyon,* 15 U.S.C.M.A. 307, 35 C.M.R. 279 (1965). In *Lyon* we recognized "the distinction between introduction of extrinsic evidence in contradiction of the denial of a nonparty witness of other acts of misconduct solely for *impeachment* purposes, and evidence of other acts of misconduct in connection with the *merits* of the controversy." *United States v. Barnes,* 8 M.J. 115, 116 (C.M.A.1979). However, in *Barnes,* we extended this definition to include within the "merits of the controversy"

the credibility of the Government's witness where such "credibility . . . was the most central and most closely contested issue in the case." *Id.* at 117. Whatever may be the validity of such extension in *Barnes,* factually it does not apply here. Further, we do not know that such a witness even exists or whether he would so testify. On these facts, the military judge did not abuse his discretion in denying the motion for continuance. *United States v. Hampton,* 7 M.J. 284 (C.M.A.1979); *United States v. Lucas,* 5 M.J. 167 (C.M.A.1978). However, that is not the issue before the Court.

2. This same issue was raised before the Air Force court by appellate defense counsel in a Motion to Set Aside Action of the Supervisory Authority. In denying the Motion that court found that there was new material in the supplemental comments, but "[s]ince the issue was omitted from the staff judge advocate's review, and the defense counsel had the opportunity to comment upon the omission, but declined to do so, we find that the omission, if error, was

*Goode* requires service on the defense counsel of a supplement to the review which contains new matter with an opportunity for him to comment.

A similar issue was presented in *United States v. Meyer*, 1 M.J. 755 (A.F.C.M.R. 1975). There Chief Judge LeTarte opined:

Compliance with the *Goode* rule was not intended to generate an endless succession of defense challenges and staff judge advocate responses thereto in the manner suggested by appellate defense counsel's assignment of error. Such a requirement could place an intolerable burden upon convening authorities to afford an accused the speedy post-trial disposition of his case. Furthermore, although corrective action would be necessary where the staff judge advocate's response to a defense rebuttal introduces erroneous, inadequate or misleading matters which counsel for the accused is not thereafter permitted to challenge, clearly that situation did not arise in the case before us.

1 M.J. at 756 (footnote omitted).

Later, in *United States v. London*, 9 M.J. 905 (A.F.C.M.R.1980), the Court of Military Review was faced with an assertion "that it was error for the convening authority to consider, in his sentence deliberations, matters adverse to the accused from outside the record" which first appeared in the addendum to the staff judge advocate's review. Recognizing that "[t]he law is clear that while the convening authority may consider, in his sentencing deliberations, adverse matters from outside the record of trial, 'justice to the accused requires that he be given a fair and reasonable opportunity to rebut or to explain any matter which may be detrimental to him.' . . .," the court also noted "the problem in applying the rule here is that the accused already had exercised his right to comment on the review, and the complained-of material appeared in rebuttal to his comments." 9

M.J. at 907. The court concluded "that the matters . . . were highly detrimental to the accused and [that] it was error to include them in the review without . . . [affording] an opportunity to rebut them." *Id.* at 908.

█ Thus, in accordance with United States Air Force precedents, if the addendum contains matters that are "erroneous, inadequate or misleading," *United States v. Meyer, supra* at 756 (this is the same language as in *Goode*), or that are "highly detrimental to the accused," *United States v. London, supra* at 908, a second service of the review plus addendum must be made upon the defense counsel for his comments. Underlying these decisions is the assumption that the matters complained of are "new," or else they could be considered "waived" by the terms of *Goode* itself. If the curative effects of *Goode* are to be maximized, the rule must be that if any new matter is contained in the supplemental portion of the staff judge advocate's review produced after the defense counsel had his opportunity for comment, the supplemental material must be served on the defense counsel in the same manner as the original review.

We wish to make clear that we find no impropriety in the action of the staff judge advocate in supplementing his review in order to accommodate changes in law occasioned by a recent decision. It is simply that where new matter[3] is introduced after defense counsel has examined the review, *Goode* requires a further opportunity to comment be given to the defense counsel. It dilutes the curative effect of *Goode* to ignore the lack of input from the defense counsel and to examine the new material for possible prejudice at the appellate level neither substitutes for the input of the defense counsel nor avoids the appellate caseload that *Goode* was designed to reduce. "The mere fact that upon appeal harm to the accused may be found nonexistent, in

waived as a review defect." However, the Court did not preclude the issue from being presented upon normal review "[a]s possible trial defect." Appellate defense counsel then submitted the case on the merits.

3. The discussion of the witness' credibility in connection with the *Barnes* decision included for the first time an extensive discussion of the military judge's denial of the motion.

no sense lessens the obligation to see that he receives those benefits that are rightly his." *United States v. Roop,* 16 U.S.C.M.A. 612, 615, 37 C.M.R. 232, 235 (1967), quoted with approval in *United States v. Hill, supra* at 297.

The decision of the United States Air Force Court of Military Review is reversed. The action of the officer exercising general court-martial authority is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to a convening authority for a new action after trial defense counsel has an opportunity to examine and comment on the addendum to the review of the staff judge advocate.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

I fear my Brothers have allowed the procedure set forth in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), to overcome the substantive law set forth in *United States v. Barnes,* 8 M.J. 115 (C.M.A.1979). My Brothers are correct when they state that the procedure here does not comply with *United States v. Goode, supra.* But they stop there without proceeding to the next inquiry which is: Was this noncompliance prejudicial to the accused? The test for determining this question lies within this Court's opinion in *United States v. Barnes, supra.*

In *United States v. Barnes, supra* at 116–17, the Court made the following statement:

Error not of constitutional dimension may be found harmless only upon the determination either that the finder of fact was not influenced by it, or that the error had but a slight effect on the resolution of the issues of the case. *United States v. Quinto,* 582 F.2d 224, 235 (2nd Cir. 1978). The result orientation of the harmless error doctrine is essential to its operation, particularly when the challenged error involves a right of the defendant which permits him to develop his defense to its maximum competence. *United States v. Dougherty,* 154 U.S.App. D.C. 76, 91–92, 473 F.2d 1113, 1127–28

(D.C.Cir.1972). Concomitant with the result orientation of the doctrine is consideration of the comparative strength of the government's case. *Wood v. United States,* 342 F.2d 708 (8th Cir. 1965).

As *Barnes* made clear, allowing introduction of extrinsic evidence contradicting denial of other acts of misconduct by a witness, in connection with the merits of the legal controversy, has been a long-standing evidentiary rule, and was explicitly examined in *United States v. Lyon,* 15 U.S.C.M.A. 307, 312, 35 C.M.R. 279, 284 (1965):

If such misconduct be relevant and material, it is provable directly and quite without regard to whether the persons involved therein deny its commission.

This rule is in perfect accord with paragraph 138*f*(3), Manual for Courts-Martial, United States, 1969 (Revised edition), which states:

Evidence ... [*relating*] to the character of persons other than the accused is admissible when it is relevant to an issue in the case.

In light of these authorities, I must determine whether the present error was prejudicial. In the instant case, defense counsel attempted to obtain a continuance in order to investigate the speculated testimony of a recently discovered witness, with a view toward establishing the meritorious nature of a motion to reopen the case after findings. Expressly, this testimony was foreseen as a direct challenge to the informant's testimony that he had not "consumed" a controlled substance since high school. I conclude that even had this witness testified as speculated, the comparative strength of the Government's case was such that the result would not have changed. *Wood v. United States, supra.* I am unable to conclude that the maximum potential of this accused's case was impaired to his prejudice.

Turning to the original review, I observe that its discussion of Airman Martin's credibility was of a generalized nature without any reference to the motion for continuance. In contrast the supplemental discus-

sion of this issue involved, for the first time, mention of *United States v. Barnes, supra,* and an extensive discussion of the military judge's denial of the motion. It cannot be said that this detailed legal discussion was merely a continuation of the general question of credibility initially raised. I will not presume that counsel's initial waiver extends to these newly discussed issues under *Goode.* The opportunity for a response should have been afforded.* However, as I have concluded that the incorrect denial was harmless error, return of the record for a new action would be of no benefit.

---

* The question of the incorrect ruling was known to the defense counsel at the conclusion of the trial. He could have afforded himself the opportunity to proceed with a brief under Article 38(c), Uniform Code of Military Justice, 10 U.S.C. § 838(c). *See United States v. Babcock,* Dkt. No. 40,148 (C.M.A.1982), (Fletcher J., concurring in the result).