**UNITED STATES, Appellee,**

**v.**

**Private First Class William L. NANCE, SSN 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, United States Army, Appellant.**

**SPCM 17744.**

U. S. Army Court of Military Review.

26 Jan. 1983.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, and Captain Donna Chapin Maizel, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant was charged with absence without leave, illegal possession of a switchblade knife, robbery, possession of marihuana and receiving stolen property, in violation of Articles 86, 92, 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 922 and 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, partial forfeitures for three months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

After the post-trial review was served on the trial defense counsel in accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975), he submitted comments raising the issue of excessive post-trial delay, which was not discussed in the original post-trial review. By separate correspondence the trial defense counsel also submitted a petition for clemency. The acting staff judge advocate commented on both documents in

an addendum to the post-trial review. In his addendum the acting staff judge advocate set out a post-trial chronology and discussed the post-trial delay issue. Responding to the petition for clemency, the acting staff judge advocate stated, "The accused's involvement in the armed robbery as well as his subsequent AWOL weigh heavily against clemency."

 We hold that the failure to serve the addendum on the trial defense counsel was error. *United States v. Narine,* 14 M.J. 55 (C.M.A.1982). We do not hold that the addendum must be served on the trial defense counsel in every case. However, in this case the addendum contained extensive factual statements as well as legal opinions which were not in the original post-trial review and to which the trial defense counsel had not been given an opportunity to comment. "It is simply that where new matter is introduced after defense counsel has examined the review, *Goode* requires a further opportunity to comment be given to the defense counsel." *Id.* at 57 (footnote omitted).

The detailed recital of facts regarding the post-trial delay issue in the addendum, knowledge of which could not be imputed to the trial defense counsel, was "new matter" of the type contemplated by *Narine.* As to the appellant's involvement in the robbery, the initial post-trial review reflected that the appellant had been acquitted of the robbery and convicted only of receiving stolen property. Therefore, the statement that the appellant was involved in the robbery was also "new matter."

Although the convening authority's action in this case was before the *Narine* decision, we hold that *Narine* is applicable to this case. We need not apply the *Stovall* * criteria to determine whether *Narine* is retroactive, simply because *Narine* does not prescribe a new rule, but rather applies the rule announced in *United States v. Goode, supra.* Shortly after the *Goode* decision, the Air Force Court of Military Review recognized that the *Goode* requirement

would be applicable to a supplemental review "where the staff judge advocate's response to a defense rebuttal introduces erroneous, inadequate or misleading matters. . . ." *United States v. Meyer,* 1 M.J. 755, 756 (A.F.C.M.R.1975). The Court of Military Appeals confirmed the wisdom of the Air Force Court's analysis in *Narine.* 14 M.J. at 57.

Since the defense counsel was not given an opportunity to respond to the new matter introduced in the addendum to the post-trial review, corrective action is necessary.

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for compliance with *United States v. Goode, supra,* and a new action by the same or a different convening authority.

Senior Judge O'DONNELL and Judge WERNER concur.

---

* *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18   L.Ed.2d 1199 (1967).