UNITED STATES

v.

**Senior Airman Danny V. HANRATTY, FR215–74–3216, United States Air Force.**

**ACM 32694.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 8 March 1997.

Decided 17 June 1998.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Major Carol L. Hubbard, Major Robert K. Coit, and Major Margo Stone Newton.

Appellate Counsel for United States: Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin, and Major J. Robert Cantrall.

Before PEARSON, Senior Judge, MORGAN and CONNELLY, Appellate Military Judges.

OPINION OF THE COURT

CONNELLY, Judge:

Appellant was convicted, pursuant to his pleas, of four specifications of wrongful use and possession of cocaine and one specification of adultery. The military judge sentenced him to a bad-conduct discharge, confinement for 20 months, total forfeiture of all pay and allowances and reduction to the grade of airman basic (AB).

A pretrial agreement provided that, in return for appellant's guilty pleas, the convening authority would direct that any pay and allowances automatically forfeited under Article 58b, UCMJ, 10 U.S.C. § 858b, be paid to appellant's wife for her support and the support of their dependent children. Because the adjudged sentence included total forfeitures, no automatic forfeitures occurred as a result of Article 58b. Accordingly, the pretrial agreement did not factor.

On page 2 of his clemency submission, appellant's trial defense counsel requested the convening authority "disapprove all of the adjudged forfeitures of pay and allowances, and direct instead that all of that money be paid by allotment to AB Hanratty's wife for the support of his family." The convening authority underlined this language and wrote "OK" beside it in green ink. In his addendum to the staff judge advocate's recommendation (SJAR), the SJA informed the convening authority "[y]ou must direct involuntary forfeitures for the maximum period allowed by the law, 6 months." At the end of the addendum, in green ink, the convening authority's handwritten notes direct: "JA—20 mo confinement as judged except..—money per alotment to spouse per Def request p2.—no rationalization for adultery!"

Despite the convening authority's apparent acclivity toward trial defense counsel's request, he signed an action providing that, "[p]ursuant to Article 58b, Uniform Code of Military Justice, Section (b), $600.00 pay per month of the required forfeiture of total pay and allowances is waived for a period of six months." The action directed that amount

be paid to appellant's spouse for her support and that of their four dependent children.

Appellant now argues that, since only $600.00 per month was ordered paid to his wife as opposed to all of his pay and allowances, the convening authority has breached the pretrial agreement and he is, therefore, entitled to relief. Appellant is incorrect, but is, nonetheless, entitled to relief.

As an E–1 with less than four years service, appellant's base pay was $900.90 per month. Total forfeitures of this pay were part of the adjudged sentence. The action of the convening authority approved the sentence in its entirety and ordered all aspects executed other than the bad-conduct discharge. Accordingly, no automatic forfeitures occurred by operation of Article 58b, UCMJ; all forfeitures imposed were the result of the adjudged sentence. Because no automatic forfeitures were triggered by the sentence, the pretrial agreement is not applicable and was not violated.

Appellant's cause of action rests in the fact that the action of the convening authority attempts to direct waiver of forfeitures under Article 58b. Only those forfeitures of pay which are automatically taken under Article 58b, UCMJ, are subject to waiver. *See United States v. Spears*, 48 M.J. 768 (A.F.Ct.Crim.App.1998). If an appellant in a general court-martial is sentenced to total forfeiture of all pay and allowances and the convening authority approves the total forfeitures in his action, there are no automatic forfeitures to waive under Article 58b.

When an SJA misleads the convening authority or misstates the law, the error may require corrective action. *United States v. Meyer*, 1 M.J. 755, 756 (A.F.C.M.R.1975). Failure to raise an objection to an SJAR will ordinarily constitute waiver in the absence of plain error. R.C.M. 1106(f)(6); *United States v. Felix*, 36 M.J. 903, 911 (A.F.C.M.R. 1993), *aff'd*, 40 M.J. 356 (C.M.A.1994). To reach the level of plain error, an error must be obvious, substantial, and have had an unfair prejudicial impact on the proceedings. *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986).

Because there were no automatic forfeitures to waive in this case, the SJA erred when he informed the convening authority that he "must direct involuntary forfeitures." This error is compounded by the fact that the action of the convening authority attempts to waive forfeitures not subject to waiver. The result is an action that lacks legal effect. Moreover, it appears from the convening authority's handwritten notes that he favorably viewed trial defense counsel's clemency request, but may have unwittingly signed the kind of "boilerplate" waiver of two-thirds forfeitures we would expect to see prepared after a special court-martial. *See* Article 58b(a)(1), UCMJ. The convening authority may have changed his mind and decided not to grant the requested clemency, but the record is ambiguous on this point. For these reasons, we direct a new recommendation and action.

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for appropriate action.

Senior Judge PEARSON and Judge MORGAN concur.